Battle J.
 

 It is admitted that upon the facts stated in the plaintiffs bill of exceptions, his lessor had a right to demand the surrender of the possession of the land mentioned in the declaration, and that, upon the refusal of the defendants to comply with the demand, he might sustain an action
 
 *516
 
 of ejectment against them. The only disputed question, which has been brought to our attention in the argument, is whether one day’s notice to leave the possession is sufficient, and we are inclined to the opinion that it is not. We think that the occupier ought to have at least time enough to look out for another house and remove to it. It is difficult to say what precise number of days shall be allowed for the purpose, and we will not undertake to decide the question until a case shall arise to call for it. We may take it to be settled that three weeks is long enough because it was so held in
 
 Love
 
 v. Edmondson, 1 Ire., 152, and again in
 
 Butner
 
 v.
 
 Chaffin
 
 at the present term; but as the present case must be decided against the plaintiff upon another ground, we shall decline the attempt to determine what time short of three weeks will be upheld as sufficient.
 

 The ground upon which this case must turn is, that the demise in the declaration is stated to have been made on the 1st day of August 1866, which was twenty-seven days before the possession of the land was demanded of the defendants by the lessor of the plaintiff In such case the action cannot be sustained as is. clearly shown by the case of
 
 Carson
 
 v.
 
 Baker,
 
 4 Dev., 220, where the subject is fully discussed and explained, and the cases of
 
 Right
 
 v.
 
 Read,
 
 13 East., 210;
 
 Birch
 
 v.
 
 Wright,
 
 1 Term Rep., 383; and
 
 Den
 
 v.
 
 Rawlings,
 
 10 East., 267, are cited and relied upon in support of it.
 

 The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.